MILSTEIN, ADELMAN & KREGER, LLP
WAYNE S. KREGER, SBN 154759
WILLIAM A. BAIRD, SBN 192675
2800 Donald Douglas Loop North
Santa Monica, California 90405
Telephone: (310) 396-9600
Facsimile: (310) 396-9635

LAW OFFICES OF STEVEN ELSTER
STEVEN ELSTER, SBN 227545
785/E2 Oak Grove Road, #201
Concord, CA 94518-3617
Telephone: (925) 324-2159
Facsimile: (925) 945-1276

Attorneys for Plaintiff,
Gina Johnson & Michelle Garcia

GIBSON, DUNN & CRUTCHER LLP
CHERYL JUSTICE, SBN 107137
cjustice@gibsondunn.com
ELISABETH C. WATSON, SBN 184332
ewatson@gibsondunn.com
JESSE A. CRIPPS, JR., SBN 222285
jcripps@gibsondunn.com
SASCHA M. GLECKLER, SBN 238177
sgleckler@gibsondunn.com
333 South Grand Avenue
Los Angeles, California 90071-3197
Telephone: (213) 229-7000
Facsimile: (213) 229-7520

GIBSON, DUNN & CRUTCHER LLP
WILLIAM D. CLASTER, SBN 70549
wclaster@gibsondunn.com
3161 Michelson Drive
Irvine, CA 92612-4412
Telephone: (949) 451-3800
Facsimile: (949) 451-4220

Attorneys for Defendant KPMG LLP

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## (SAN FRANCISCO DIVISION)

| | |
|---|---|
| MICHELLE GARCIA, an individual; GINA JOHNSON, an individual; and on behalf of all others similarly situated, | CASE NO. CV 08-0924-JCS The Honorable Joseph C. Spero |
| Plaintiffs, | **JOINT MOTION TO TRANSFER** |

Gibson, Dunn &
Crutcher LLP

v.

KPMG, LLP, a limited liability
partnership; KPMG, INC., a corporation;
KPMG, a business entity form unknown;
and DOES 1-100, inclusive

Defendants.

**VENUE TO CENTRAL DISTRICT
OF CALIFORNIA**

Hearing Date:    April 18, 2008
Hearing Time:    9:30 a.m.
Hearing Place:   15th Floor

PLEASE TAKE NOTICE, hereby given, that on April 18, 2008, at 9:30 a.m., Plaintiffs Michelle Garcia and Gina Johnson and Defendant KPMG LLP will, and hereby do, move this Court, pursuant to 28 U.S.C. 1404(a), to transfer this case to the United States District Court for the Central District of California.  To the extent that the Court feels it has the information necessary to grant the instant motion, the parties agree that a formal hearing on this matter is not necessary.

This motion is made on the following grounds:  Two putative class actions based on nearly identical allegations and seeking substantially similar relief are already pending against Defendant KPMG LLP in the Central District of California.  Those two cases, both of which are in their preliminary stages, are pending before the Honorable Ronald S.W. Lew.  Because of the substantial overlap between the parties and allegations in the actions, transferring the instant action to the Honorable Ronald S.W. Lew would be more convenient for the parties and would further the interests of justice by conserving judicial resources, eliminating duplicative discovery, and avoiding the risk of inconsistent rulings.

///

///

///

///

///

Gibson, Dunn &
Crutcher LLP

2

This motion is based upon this Notice of Motion and Motion; the Memorandum of Points and Authorities in support thereof; all exhibits filed concurrently herewith; all of the pleadings, papers, files and records in this matter; such oral and documentary evidence as shall be received by the Court at or prior to the hearing of this Motion; and such other and further matters that the Court may consider.

DATED:  March 4, 2008          GIBSON, DUNN & CRUTCHER LLP


                               By:_____/s/ Sascha M. Gleckler
                                         Sascha M. Gleckler

                               Attorneys for KPMG LLP

DATED:  March 4, 2008          MILSTEIN, ADELMAN & KREGER


                               By:_____/s/ William Baird
                                         William A. Baird

                               Attorneys for Plaintiffs Michelle Garcia and
                               Gina Johnson

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

Plaintiffs brought this action in the Superior Court of California, Alameda County, without knowledge of the fact that there were already two putative class actions pending against Defendant KPMG LLP in the Central District of California based on nearly identical allegations and seeking substantially similar relief. Those other two actions were filed separately, but have since been transferred to a single judge, the Honorable Ronald S.W. Lew. The parties respectfully request that this case too be transferred to the Central District of California, for assignment to the Honorable Ronald S.W. Lew pursuant to 28 U.S.C. 1404(a). Doing so would further the interests of justice by conserving judicial resources, eliminating duplicative discovery, and avoiding the risk of inconsistent rulings. To the extent that the Court feels it has the information necessary to grant the instant motion, the parties agree that a formal hearing on this matter is not necessary.

### II.

### RELEVANT FACTUAL BACKGROUND

#### A.    The Central District Actions

Two related cases are currently pending against KPMG in the Central District of California. The first is *Yeung v. KPMG LLP, et al.,* ("*Yeung*"), United States District Court, Central District of California, Case No. CV07-04396. It was properly removed to federal court on July 6, 2007, and is currently pending before the Honorable Ronald S.W. Lew.

The *Yeung* complaint alleges, among other things, that certain accounting professionals and other "similarly situated" individuals at KPMG should not have been paid on a salaried basis; rather, the plaintiff alleges that these professionals should have been classified as "hourly" workers and paid overtime compensation for working more than eight (8) hours per day or forty (40) hours per week. *See Yeung* Complaint

at ¶ 7 (attached hereto as Exhibit A).  The putative class in *Yeung* is defined to include current and former "Associates" and "Senior Associates" of KPMG.  *Id.* at ¶ 25.

On October 16, 2007, a second and related case was filed against KPMG LLP in the Central District of California: *Mansour Bighamian v. KPMG LLP, et al.,* ("*Yeung*"), United States District Court, Central District of California, Case No. CV-07-06699.  Like the plaintiff in *Yeung*, plaintiff Bighamian filed a putative class action seeking to recover allegedly unpaid overtime wages for accountants and other professionals at KPMG.  *See Bighamian* Complaint at ¶ 3 (attached hereto as Exhibit B).  The putative class in *Bighamian* is also defined to include current and former "Associates" of KPMG.  *Id*. at ¶ 4.

Pursuant to the parties' request, the *Bighamian* matter was deemed related to the *Yeung* matter and was transferred to the Honorable Ronald S. W. Lew.  *See* Order Re Transfer Pursuant to General Order 07-02 (Related Cases) (attached hereto as Exhibit C).

**B.    The Garcia/Johnson Action**

The instant action, like *Yeung* and *Bighamian*, seeks allegedly unpaid overtime wages for individuals who Plaintiffs describe as "salaried exempt employees" of KPMG who performed accounting work.[1]  *See Garcia* Complaint at ¶ 2, 20 (attached hereto as Exhibit D).  Although the putative class is not defined precisely the same as

---

[1] All three cases include nearly identical causes of action.  The *Yeung* Complaint alleges:  (1) Failure to pay overtime; (2) Pay stub violations; (3) Waiting time penalties; (4) Section 17200 unfair business practices; and (5) Accounting.  *Bighamian* alleges:  (1) Failure to pay overtime (2) Failure to Provide Meal Breaks; (3) Failure to Provide Rest Breaks; (4) Waiting time penalties ; (5) Pay stub violations; and (6) Section 17200 unfair business practices.  The *Johnson/Garcia* First Amended Complaint alleges:  (1) Failure to pay overtime; (2) Failure to Provide Meal Breaks; (3) Pay stub violations; (4) Waiting time penalties; and (5) Section 17200 unfair business practices.

in the other two actions, the putative class members in these actions are substantially similar.

## III.

## ARGUMENT

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."[2]  In deciding whether a case should be transferred, the District Courts in this Circuit consider the: (1) convenience of the parties; (2) convenience of the witnesses; (3) interests of justice; and (4) plaintiff's choice of forum.  *Lynch v. Alaska Tanker Co., LLC*, 2004 U.S. Dist. LEXIS 22930 (N. D. Cal. 2004).  With regard to the last factor, Plaintiffs agree that this case should be transferred to the Central District of California.

The interests of justice is "the most important factor a court must consider." *Wiley v. Trendwest Resorts*, 2005 U.S. Dist. LEXIS 38893, 9-10 (N. D. Cal. 2005) (internal citations omitted).  "A major consideration under this factor is the desire to avoid multiplicity of litigation from a single transaction."  *Id.*  "In evaluating the 'interests of justice,' the pendency of related actions in the proposed transferee forum is a highly persuasive factor."  *Id.* (citing *A.J. Industries, Inc. v. United States Dist. Court for Cent. Dist.*, 503 F.2d 384, 389 (9th Cir. 1974)).  "The feasibility of consolidation is also a significant factor in a transfer decision."  *Id.*  Indeed, the Supreme Court has recognized that, "[t]o permit a situation in which two cases

[2] The threshold consideration under 1404(a), that the action "might have been brought" in the first instance in the transferee district, plainly is satisfied here. Venue is proper in the Central District of California, in that KPMG LLP is authorized to conduct, and does conduct, business throughout the State of California, including Los Angeles, where is maintains an office employing members of the putative class.  The Central District of California also has subject matter jurisdiction over this controversy, as does this Court, on the basis of the Class Action Fairness Act, 28 U.S.C. § 1332.

involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy, and money that § 1404(a) was designed to prevent." *Cont'l Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26 (1960).

The *Bighamian* and *Yeung* actions are clearly related to this action. All three actions call for the determination of the same or substantially related or similar questions of law and fact on behalf of the same or similarly defined putative class, and involve the same or similar claims for relief against the same defendant. As a result, the convenience of the parties and the convenience of the witnesses would best be served by transferring this action to the Central District of California for assignment to the Honorable Ronald S.W. Lew. A transfer would also prevent the wastefulness of time, energy, and money that § 1404(a) was designed to prevent.

Moreover, given the substantial overlap between the three cases, separate proceedings before separate judges would result in costly duplicative discovery and the substantial risk of inconsistent rulings on discovery and class certification issues, among other things. Transfer of this action to the honorable Ronald S.W. Lew would avoid such conflicts, conserve resources and promote an efficient determination of the action.

It is for all of these reasons that the parties seek a transfer to the Central District of California for assignment to Honorable Ronald S.W. Lew.

## IV.
## CONCLUSION

The parties agree that a transfer of this matter to the Central District of California would best serve the convenience of the parties and witnesses, as well as the interests of justice. And to the extent that the Court feels it has the information necessary to grant the instant motion, the parties agree that a formal hearing on this matter is not necessary. For all of these reasons, and pursuant to Section 1404(a), the

parties respectfully request that this Court grant the instant motion for transfer to the Central District of California for assignment to the Honorable Ronald S.W. Lew.

DATED:  March 4, 2008          GIBSON, DUNN & CRUTCHER LLP


                              By:_____ /s/ Sascha M. Gleckler
                                          Sascha M. Gleckler

                              Attorneys for KPMG LLP

DATED:  March 4, 2008          MILSTEIN, ADELMAN & KREGER


                              By:_____ /s/ William Baird
                                            William A. Baird

                              Attorneys for Plaintiffs Michelle Garcia and
                              Gina Johnson


        I, Sascha M. Gleckler, hereby attest that I have on file all holograph signatures for any signatures of William Baird indicated by a "conformed" signature (/s/) within this efiled document.

100382214_1.DOC

# Exhibit A

90071

ORSHANSKY & YEREMIAN LLP
Anthony J. Orshansky, Cal. Bar No. 199364
David H. Yeremian, Cal. Bar No. 226337
9401 Wilshire Boulevard, Suite 900
Beverly Hills, California 90212
Telephone: (310) 277-9945
Facsimile: (310) 277-9946

FILED
LOS ANGELES SUPERIOR COURT
MAY 15 2007
JOHN A. CLARKE, CLERK
BY P.M. SWAIN, DEPUTY

Case assigned to Judge

Attorneys for Plaintiff
JEFF YEUNG, on behalf of himself and others similarly situated

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT**

| | |
|---|---|
| JEFF YEUNG, an individual, on behalf of himself and others similarly situated,<br>Plaintiffs,<br>v.<br>KPMG LLP, a United States partnership; and DOES 1 through 50 inclusive,<br>Defendants. | Case No. BC371206<br>**CLASS ACTION COMPLAINT FOR:**<br>**1. Failure to Pay Overtime Wages**<br>**2. Violation of Labor Code § 226(a)**<br>**3. Waiting Time Penalties**<br>**4. Violation of Business & Professions Code §17200**<br>**5. Accounting** |

Plaintiff JEFF YEUNG ("Plaintiff") on behalf of himself and all others similarly situated complains of defendants, and each of them, as follows:

## I. INTRODUCTION

1. This is a Class Action, pursuant to Code of Civil Procedure §382, on behalf of Plaintiff and other non-management salaried employees misclassified as exempt employees, who are employed by, or formerly employed by KPMG LLP, and any subsidiaries or affiliated companies (hereinafter collectively referred to as "defendants") within the State of California.

///

2.      For at least four (4) years prior to the filing of this action continuing to the present, defendants have had a consistent policy of failing to pay overtime to salaried employees misclassified as exempt employees for all work over eight (8) hours per day or forty (40) hours per week at the statutorily prescribed rates.

3.      Plaintiff, on behalf of himself and all members of the class, brings this action pursuant to California Labor Code §§ 201, 202, 203, 204, 226, 510, and 1194, seeking unpaid wages and overtime, injunctive and other equitable relief, and reasonable attorneys' fees and costs.

4.      Plaintiff, on behalf of himself all members of the class, pursuant to Business & Professions Code §§ 17200-17208, also seeks injunctive relief, restitution, and disgorgement of all benefits defendants enjoyed from their failure to pay overtime compensation.

5.      Venue as to each defendant is proper in this judicial district, pursuant to Code of Civil Procedure § 395.5. Defendants employed Plaintiff and members of the class in Los Angeles, California. The unlawful acts alleged herein have a direct effect on Plaintiff and members of the class within the State of California.

## II. PARTIES

### A.    Plaintiffs

6.      Plaintiff JEFF YEUNG is a resident of Los Angeles County, California.

7.      Plaintiff (and members of the class), misclassified as exempt, was regularly required to work over eight (8) hours per day or forty (40) hours per week for defendants without being provided overtime compensation for such work, all in violation of California labor laws, regulations and Industrial Welfare Commission Wage Orders.

8.      Defendants willfully failed to compensate Plaintiff and former employees who belong to the class for wages at the termination of their employment with defendants.

///

1    9.    Defendants knowingly and intentionally failed to provide timely,

2  accurate, and itemized wage statements to Plaintiff and members of the class.

3  **B.    Defendants**

4    10.    Defendant KPMG LLP, the United States partnership that is part of

5  KPMG International, a Swiss non-operating association, maintains its headquarters in

6  New York City.

7    11.    KPMG LLP is one of the largest public accounting firms in the

8  world, with nine office locations throughout California:

9    i.   6032 Katella Avenue

10        Cypress, CA 90630-5209

11    ii.  355 S. Grand Avenue

12        Los Angeles, CA 90071-1568

13    iii. One Kaiser Plaza

14        Oakland CA 94612-3612

15    iv.  600 Anton Boulevard

16        Costa Mesa, CA 92626-7651

17    v.   400 Capitol Mall

18        Sacramento, CA 95814

19    vi.  750 B Street

20        San Diego, CA 92101-8191

21    vii. 55 Second Street

22        San Francisco, CA 94105

23    viii. 500 East Middlefield Road

24        Mountain View, CA 94043

25    ix.  21700 Oxnard Street

26        Woodland Hills, CA 91367-3642

27    12.    Defendants are KPMG LLP is recognized globally as a premier

28  provider of audit, tax, and advisory services.

3

CLASS ACTION COMPLAINT

1    13.    Defendants are, and all times were, employers under California law

2    and applicable Industrial Welfare Commission Orders.

3    14.    Defendants employed Plaintiff and similarly situated persons in

4    California and misclassified them as exempt employees when, pursuant to California

5    Labor Code § 515.5 and applicable Industrial Welfare Commission's Wage Orders, these

6    employees should be classified as non-exempt.

7    15.    The true names and capacities, whether individual, corporate,

8    associate, or otherwise, of defendants sued herein as DOES 1 to 50, inclusive, are

9    currently unknown to Plaintiff, who therefore sues defendants by such fictitious names

10   under Code of Civil Procedure § 474. Plaintiff is informed and believes, and based

11   thereon alleges, that each of the defendants designated herein as a DOE is legally

12   responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek

13   leave of court to amend this Complaint to reflect the true names and capacities of the

14   defendants designated hereinafter as DOES when such identities become known.

15   16.    Plaintiff is informed and believes, and based thereon alleges, that

16   each defendant acted in all respects pertinent to this action as the agent of the other

17   defendants, carried out a joint scheme, business plan or policy in all respects pertinent

18   hereto, and the acts of each defendant are legally attributable to the other defendants.

19   Furthermore, defendants in all respects acted as the employers and/or joint employers of

20   Plaintiff and members of the class.

21                          **III. FACTUAL BACKGROUND**

22   17.    Defendants hire non-managerial employees to perform audit, tax, and

23   advisory services.

24   18.    Plaintiff and other members of the class are misclassified as exempt

25   employees when, according to California law, they do not meet the test for such a

26   qualification.

27   ///

28   ///

4

19.     Plaintiff and members of the class are, and at all times pertinent hereto, have been non-exempt employees within the meaning of the California Labor Code, and the implementing rules and regulations of the applicable Industrial Welfare Commission Wage Orders.

20.     Plaintiff and members of the class are salaried. They regularly work over eight (8) hours per day or over forty (40) hours per week.   Plaintiff and members of the class are not paid any overtime compensation for such work.

21.     Defendants are aware of the duties performed by the Plaintiff and members of the class. Defendants also were aware that duties of Plaintiff and members of the class were inconsistent with exempt status, and that such persons were and are not exempt from the overtime provisions of the California overtime laws.

22.     Defendants willfully failed to pay overtime wages when an employee misclassified as exempt quits or was discharged.

23.     Defendants have failed to comply with Industrial Welfare Commission Wage Order 4-2001(7) by failing to maintain time records showing when the employee begins and ends each work period, meal periods, and total daily hours worked by itemizing in wage statements all deductions from payment of wages and accurately reporting total hours worked by Plaintiff and members of the class.

24.     Plaintiff and members of the class are covered by California Industrial Welfare Commission Occupational Wage Order No. 4-2001.

## IV. CLASS ACTION ALLEGATIONS

25.     Plaintiff brings this action on behalf of himself and all others similarly situated as a Class Action pursuant to §382 of the Code of Civil Procedure. Plaintiff seeks to represent a class of all salaried non-management employees who are currently employed or have been employed by defendants, including but not limited to Associates and Senior Associates, and at any time four (4) years prior to the filing of this lawsuit worked a shift over eight (8) hours per day or forty (40) hours per week and were not paid any overtime compensation for such work.

5

26.    The members of the class were all subject to the same unlawful policy or plan of defendants as the Plaintiff, under which they were classified as exempt from California overtime laws.

27.    Plaintiff reserves the right under Rule 1855(b), California Rules of Court, to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

28.    This action has been brought and may properly be maintained as a class action under the provisions of § 382 of the Code of Civil Procedure because there is a well-defined community of interest in the litigation and the class is easily ascertainable.

**A.    Numerosity**

29.    The members of the class as defined are so numerous that joinder of all members of the class is impracticable.  While the precise number of class members has not been determined at this time, Plaintiff is informed and believes that defendants currently employ, and during the relevant time periods employed, over 500 salaried employees misclassified as "exempt" by defendants.

30.    Accounting for employee turnover during the relevant periods necessarily increases this number substantially.  Plaintiff alleges defendants' employment records would provide information as to the number and location of all members of the class.

**B.    Commonality**

31.    There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  These common questions of law and fact include, without limitation:

(1)    Whether defendants failed to pay for all hours worked;

(2)    Whether defendants failed to pay overtime compensation as required by the California Labor Code and applicable Industrial Wage Commission Orders;

(3)    Whether defendants violated § 226(a) of the California Labor Code;

6

CLASS ACTION COMPLAINT

(4)    Whether defendants violated §§ 201-203 of the California Labor Code by failing to pay compensation due and owing at the time that any class member's employment with defendants terminated;

(5)    Whether, by the misconduct alleged herein, defendants have engaged in unfair and/or unlawful business practices; and

(6)    Whether Plaintiff and members of the class are entitled to equitable relief pursuant to Business & Professions Code § 17200, et. seq.

## C.    Typicality

32.    The claims of the named Plaintiff are typical of the claims of the members of the class. Plaintiff and all members of the class were subjected to and harmed by defendants' uniform policy of misclassifying employees as exempt from overtime compensation in order to avoid having to pay overtime as required by California law. Plaintiff and all members of the class sustained injuries and damages arising out of and caused by defendants' common course of conduct in violation of laws, regulations that have the force and effect of law, and statutes as alleged herein.

## D.    Adequacy of Representation

33.    Plaintiff will fairly and adequately represent and protect the interests of the members of the class. Counsel who represents Plaintiff and the class is experienced and competent in litigating employment class actions.

## E.    Superiority of Class Action

34.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Individual joinder of all members of the class is not practicable, and questions of law and fact common to the class predominate over any questions affecting only individual members of the class. All of the facts material to resolving the common legal question of whether exemption from the California overtime laws is appropriate are common to all members of the class.

///

///

7
CLASS ACTION COMPLAINT

35.    A class action is also superior to other available methods for the fair and efficient adjudication for the following reasons: (1) it is economically impractical for members of the class to prosecute individual actions; (2) the class is readily definable; (3) prosecution as a class action will eliminate the possibility of repetitious litigation; and (4) a class action will enable claims to be handled in an orderly and expeditious manner—a class action will save time and expense and will ensure uniformity of decisions.

36.    The prosecution of separate actions against defendants under California law would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the defendants.

37.    Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## V. FIRST CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES

### (VIOLATION OF LABOR CODE §§ 204, 510, 1194 & 3294)

38.    Plaintiff incorporates paragraphs 1 through 37 as though fully set forth herein.

39.    By their conduct, as set forth herein, defendants violated California Labor Code § 510 (and the relevant orders of the Industrial Welfare Commission) by failing to pay the Plaintiff and members of the class: (a) time and one-half their regular hourly rates for hours worked in excess of eight hours in a workday or in excess of forty hours in any workweek or for the first eight hours worked on the seventh day of work in any one workweek; or (b) twice their regular rate of pay for hours worked in excess of twelve hours in any one day or for hours worked in excess of eight hours on any seventh day of work in a workweek.

///

///

CLASS ACTION COMPLAINT

40.    Defendants' failure to pay overtime compensation in a timely fashion also constituted a violation of California Labor Code § 204 which requires that all wages are paid in semimonthly payments. For at least four (4) years prior to the filing of this action continuing to the present, in direct violation of that provision of the California Labor Code, defendants have to date failed to pay any overtime compensation earned by Plaintiff and members of the class. Each such failure to make a timely payment of overtime compensation to Plaintiff and members of the class constitutes a separate violation of California Labor Code § 204.

41.    Defendants' violations of California Labor Code §§ 204 and 510 (and the relevant orders of the Industrial Welfare Commission) were repeated, willful and intentional.

42.    Plaintiff and members of the class have been damaged by said violations of California Labor Code §§ 204 and 510 (and the relevant orders of the Industrial Welfare Commission).

43.    Pursuant to California Labor Code §§ 204 and 510 (and the relevant orders of the Industrial Welfare Commission), defendants are liable to Plaintiff and members of the class for the full amount of all their unpaid overtime compensation with interest plus their reasonable attorneys' fees and costs.

44.    Because defendants' unlawful classification of the Plaintiff and members of the class as exempt from the California overtime laws constituted despicable conduct that was carried out with malice, oppression, or fraud, in willful and conscious disregard for their rights, Plaintiff and members of the class are entitled to exemplary damages to punish the defendants pursuant California Civil Code § 3294.

///
///
///
///
///

9
CLASS ACTION COMPLAINT

## VI. SECOND CAUSE OF ACTION

## <u>VIOLATION OF LABOR CODE§ 226(a)</u>

45.    Plaintiff incorporates paragraphs 1 through 44 as though fully set forth herein.

46.    California Labor Code § 226(a)(2) requires an employer to, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing total hours worked by the employee.

47.    California Labor Code § 226(a)(9) requires an employer to, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

48.    Defendants failed to provide Plaintiff and members of the class with accurate itemized statements in writing showing the showing total hours worked and the corresponding number of hours worked at each hourly rate as required by the California Labor Code.

49.    Pursuant to California Labor Code §§ 226(a) and 226(e), Plaintiff and members of the class are entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and are entitled to an award of costs and reasonable attorney's fees.

///

///

CLASS ACTION COMPLAINT

## VII. THIRD CAUSE OF ACTION

## WAITING TIME PENALTIES

50.     Plaintiff incorporates paragraphs 1 through 49 as though fully set forth herein.

51.     Plaintiff and many members of the class are no longer employed by defendants. They were either fired or quit defendants employ.

52.     Defendants failed to pay employees their premium overtime wages, a sum certain, at the time of termination or within seventy-two (72) hours of their resignation, and have failed to pay those sums for thirty (30) days thereafter.

53.     Defendants' failure to pay wages, as alleged above was willful in that defendants and each of them knew wages to be due but failed to pay them, thus entitling Plaintiff and those members of the class who no longer work for defendants to penalties under California Labor Code §203, which provides that an employee's wages shall continue as a penalty until paid for a period of up to thirty (30) days from the time they were due.

## VIII. FOURTH CAUSE OF ACTION

## UNFAIR COMPETITION PURSUANT TO

## BUSINESS & PROFESSIONS CODE §17200

54.     Plaintiff incorporates paragraphs 1 through 53 as though fully set forth herein.

55.     Plaintiff brings this cause of action on behalf of himself, on behalf of the members of the class, and in his capacity as a private attorney general.

56.     The conduct of all defendants as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to Plaintiff, the general public, and the members of the class. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

///

///

57.     Plaintiff is a "person" within the meaning of Business & Professions Code §17204 and has suffered injury and, therefore, has standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable relief.

58.     Business & Profession Code § 17200, et seq. prohibits unlawful and unfair business practices.

59.     Wage and hour laws express fundamental public policies. Paying overtime is a fundamental public policy of this State and of the United States. Labor Code §90.5(a) articulates the public policies of this State to enforce vigorously minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect law-abiding employers and their employees from competitors who lower their costs by failing to comply with minimum labor standards.

60.     Defendants have violated statutes and public policies. Through the conduct alleged in this Complaint, defendants, and each of them, have acted contrary to these public policies, have violated specific provisions of the California Labor Code, and have engaged in other unlawful and unfair business practices in violation of Business & Profession Code §17200, et seq., depriving Plaintiff, members of the class, and all interested persons of rights, benefits, and privileges guaranteed to all employees under law.

61.     Defendants' conduct, as alleged hereinabove, constitutes unfair competition in violation of §17200 et. seq. of the Business & Professions Code.

62.     Defendants by engaging in the conduct herein alleged, by not paying premium overtime rates and for misclassifying employees as exempt, either knew or in the exercise of reasonable care should have known that the conduct was unlawful. Hence, defendants have violated §17200 et. seq. of the Business & Professions Code.

63.     As a proximate result of the above mentioned acts of defendants, Plaintiff and members of the class have been damaged in a sum as may be proven.

///

12

CLASS ACTION COMPLAINT

1    64.    Unless restrained by this Court, defendants will continue to engage in
2    the unlawful conduct as alleged above. Pursuant to Business & Professions Code this
3    Court should make such orders or judgments, including the appointment of a receiver, as
4    may be necessary to prevent the use or employment, by defendants, their agents or
5    employees, of any unlawful or deceptive practice prohibited by the Business &
6    Professions Code, and/or, including but not limited to, disgorgement of profits which may
7    be necessary to restore Plaintiff and members of the class to the money defendants have
8    unlawfully failed to pay.

9                        **IX. FIFTH CAUSE OF ACTION**
10                              <u>ACCOUNTING</u>

11    65.    Plaintiff incorporates paragraphs 1 through 64 as though fully set
12    forth herein.

13    66.    Plaintiff and members of the class are owed wages which equal the
14    sum of overtime compensation not paid by defendants to them, statutory interest on such
15    compensation, and waiting time penalties to members of the class whose employment has
16    terminated.

17    67.    Plaintiff does not know the precise amount of compensation due to
18    Plaintiff and each member of the class. Upon information and belief, Plaintiff alleges that
19    defendants possess records from which the amount of compensation due and owing to
20    Plaintiff and each member of the class can be determined.

21    68.    The amount of statutory interest and penalties owed to Plaintiff and
22    each member of the class is based upon the compensation owed by defendants. This
23    amount can only be determined by an accounting of books and records in the possession
24    of defendants.

25    69.    Because it is impossible for the Plaintiff to determine the exact
26    amount of money due to Plaintiff and members of the class without a detailed review of
27    defendants' books and records and/or discovery in this action, Plaintiff seeks, among other
28    things, an accounting of books and records in the possession of defendants and/or

                                    13

1   appointment of a receiver to determine the compensation owed to Plaintiff and members
2   of the class.

3                                  **RELIEF REQUESTED**

4          WHEREFORE, Plaintiff prays for the following relief:

5          1.      For wages and overtime in an amount according to proof, with interest
6   thereon from at least four (4) years prior to the filing of this action to the present as may
7   be proven for Plaintiff and members of the class;

8          2.      For penalties pursuant to California Labor Code § 226(e) for Plaintiff and
9   members of the class as may be proven at trial;

10         3.      For penalties pursuant to California Labor Code § 203 for Plaintiff and those
11  members of the class who quit or were fired equal to their daily wage times thirty (30)
12  days;

13         4.      An award of pre-judgment and post-judgment interest;

14         5.      An order enjoining defendants to immediately cease their wrongful conduct
15  as set forth above; enjoining defendants from continuing to misclassify employees as
16  exempt from California overtime regulations and failing to pay such employees overtime
17  wages;

18         6.      For restitution for unfair competition pursuant to Business & Professions
19  Code § 17200, including disgorgement or profits, in an amount as may be proven;

20         7.      An accounting of books and records in possession of defendants and/or the
21  appointment of a receiver to determine the compensation owed to Plaintiff and members
22  of the class;

23         8.      An award providing for payment of costs of suit;

24         9.      An award of attorneys' fees;

25         10.     Punitive damages; and

26         11.     Such other and further relief as this Court may deem proper and just.

27  ///

28  ///

                                          14
                              CLASS ACTION COMPLAINT

1

## DEMAND FOR JURY TRIAL

2   Plaintiff hereby demands trial of his claims by jury to the extent authorized by law.

3

4   DATED:        May 14, 2007

5

6                                 ANTHONY J. ORSHANSKY
                                   DAVID H. YEREMIAN
                                   ORSHANSKY & YEREMIAN LLP

7

8                                 By _____
                                      Anthony J. Orshansky
9                                     Attorneys for Plaintiff and the
                                            Plaintiff Class
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

# Exhibit B

1   Christopher Kim (Bar No. 82080)
2   Bryan King Sheldon (Bar No. 116219)
    George Busu (Bar No. 235993)
3   **LIM RUGER & KIM, LLP**
4   1055 West Seventh Street, Suite 2800
    Los Angeles, California 90017
5   Telephone: (213) 955-9500
6   Facsimile: (213) 955-9511
    email:  Christopher.kim@lrklawyers.com
7           bryan.sheldon@lrklawyers.com
            george.busu@lrklawyers.com
8
9   Joseph H. Meltzer
10  Gerald D. Wells, III
    Robert J. Gray
11  Robert W. Biela
12  **SCHIFFRIN BARROWAY**
       **TOPAZ & KESSLER, LLP**
13  280 King of Prussia Road
14  Radnor, Pennsylvania 19087
    Telephone: (610) 667-7706
15
16  Attorneys for Plaintiff, Mansour Bighamian

17              **UNITED STATES DISTRICT COURT**

18      **CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION**

19
20  MANSOUR BIGHAMIAN, on            )   Case No.
    behalf of himself and all others  )
21  similarly situated,              )
22                                   )
                                     )   **CLASS ACTION COMPLAINT**
23              Plaintiff,           )
                                     )
24       v.                          )
                                     )   (JURY TRIAL DEMANDED)
25  KPMG LLP; and DOES 1 through     )
26  10, inclusive,                   )
                                     )
27              Defendants.          )
28  _____     )

**CV07-06699 RGK**

1
CLASS ACTION COMPLAINT

1  Mansour Bighamian ("Plaintiff"), on behalf of himself and all others
2  similarly situated, alleges as follows:

### JURISDICTION AND VENUE

5  1.  This Court has original jurisdiction over all claims in this action under
6  the Class Action Fairness Act, 28 U.S.C. § 1332(d).  This is a putative class action
7  whereby: (i) the proposed Rule 23 class consists of over 100 or more members; (ii)
8  at least some of the members of the proposed class, including Plaintiff, have a
9  different citizenship from Defendant; and (iii) the claims of the proposed Rule 23
10  class exceed $5,000,000.00 in the aggregate.

11  2.  In addition, this Court is empowered to issue a declaratory judgment
12  pursuant to 28 U.S.C. §§ 2201 and 2202.

### PRELIMINARY STATEMENT

15  3.  As explained herein, under applicable employment laws, "Associates"
16  (defined below) are entitled to overtime compensation.  In short, if Associates
17  work over forty hours per week and/or eight hours per day, they are entitled to
18  overtime pay.

19  4.  Plaintiff brings this action as a state-wide class action, on behalf of all
20  current and former Associates, defined as: accountants, auditors and/or consultants
21  who provided audit, tax risk management and other client services (collectively
22  "Client Services") on behalf of KPMG LLP, or any other parent, subsidiary,
23  related, or successor companies (collectively, "KPMG" and/or the "Company")
24  and are/were not licensed as Certified Public Accountants, to recover unpaid
25  overtime compensation pursuant to the California Labor Code, Industrial Welfare
26  Commission Wage Orders and the California Business & Professions Code
27  (collectively the "CA Labor Laws").

28

LIM, RUGER & KIM, LLP

---

2
CLASS ACTION COMPLAINT

● ●

1    5.    Plaintiff is unaware of the names and capacities of those defendants

2    sued as DOES 1 through 10, but will seek leave to amend this complaint once their

3    identities become known to Plaintiff.  Upon information and belief, Plaintiff

4    alleges that at all relevant times each defendant, including the DOE defendants 1

5    through 10, was the officer, director, employee, agent, representative, alter ego, or

6    co-conspirator of each of the other defendants, and in engaging in the conduct

7    alleged herein was in the course and scope of and in furtherance of such

8    relationship.  Unless otherwise specified, Plaintiff will refer to all defendants,

9    including the Company, collectively as "Defendant" and each allegation pertains to

10   each Defendant.

11

12                              **SUMMARY OF CLAIMS**

13   6.    Plaintiff brings this suit on behalf of a class of similarly situated

14   persons composed of:

15         a.    All current  Associates of Defendant in the State of California

16   within four years prior to the filing of this action, up to and including the time this

17   action is certified as a class action, and are engaged in providing Client Services

18   ("Class A"); and

19         b.    All former Associates of Defendant in the State of California at

20   any time within four years prior to the filing of this action, up to and including the

21   time this case is certified as a class action, and were engaged in providing Client

22   Services ("Class B").

23   7.    Class A and Class B are hereafter collectively referred to as the

24   "Class."

25   8.    Plaintiff alleges on behalf of the Class that Defendant violated the

26   California Labor Laws by, inter alia,: (i) failing to pay them overtime at the rate of

27   one and one-half times the employee's regular salary for all hours worked in

28

LIM, RUGER & KIM, LLP

---

3
CLASS ACTION COMPLAINT

1  excess of 40 hours in any given workweek, and/or in excess of eight (8) hours in a

2  workday, (ii) failing to provide them with all of their required meal and rest breaks;

3  and (iii) failing to retain and provide accurate records of actual hours worked and

4  wages earned by Plaintiff and the Class.

5        9.    As a result of Defendant's violation of the CA Labor Laws, Plaintiff

6  and the Class were illegally under-compensated for their work.

7

8  <div align="center">**FACTUAL ALLEGATIONS**</div>

9        10.    Due to the nature of the job responsibilities and requirements of

10  Defendant's Associates, Plaintiff and members of the Class were, and continue to

11  be, required to work more than 40 hours a week, and/or 8 hours a day, during the

12  course of their employment with Defendant.

13        11.    Unless proven to be exempt from the protection of California's

14  overtime laws, all employees are entitled to premium overtime pay for work in

15  excess of 40 hours per week, and/or 8 hours a day.

16        12.    The duties of Associates are set forth in uniform, company-wide

17  policies and procedures promulgated by Defendant.

18        13.    Defendant's employment policy regarding Associates did not require

19  them to attain a certification in a field of science or learning prior to providing

20  Client Services.

21        14.    Pursuant to Defendant's uniform employment policies, Associates

22  were paid on a salary basis, irrespective of the hours actually worked, and were

23  unlawfully classified as exempt from overtime compensation.

24        15.    Although the CA Labor Laws provide for certain exemptions to the

25  mandates of paying overtime compensation, no exemption applies in the instant

26  matter.

27

28

LIM, RUGER & KIM, LLP

<div align="center">4
CLASS ACTION COMPLAINT</div>

16.   Associates do not fall under the executive exemption, because their primary duty is not the management of Defendant's business operations. Nor do Associates customarily or regularly direct the work of at least two (2) or more employees, or have the authority to hire and fire employees.

17.   Plaintiff and the members of the Class are not administratively exempt because they do not exercise the degree of discretion and independent judgment necessary to qualify for the administrative exemption.

18.   Finally, Plaintiff and the members of the Class do not qualify for the professional exemption under California law because Associates are not certified by the State of California as Certified Public Accountants.

19.   As such, Associates, including Plaintiff and members of the Class, have been wrongfully classified by Defendant and are not exempt from the California's requirement of premium overtime pay.

20.   In violation of CA Labor Laws, Plaintiff and the members of the Class have not been paid overtime compensation at a rate not less than one and one-half times their regular rate of pay for work performed over the 40 hour work week and/or over 8 hours in a day.

21.   Plaintiff alleges on behalf of the members of the Class that Defendant's failure to pay overtime was knowing and willful.

22.   Evidence reflecting the precise number of overtime hours worked by Plaintiff and every other member of the Class, as well as the applicable compensation rates, is in the possession of Defendant. If these records are unavailable, members of the Class may establish the hours they worked solely by their testimony and the burden of overcoming such testimony shifts to the employer. See Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680 (1946).

23.   Each of the foregoing acts is in contravention of applicable employment laws.

5
CLASS ACTION COMPLAINT

**PARTIES**

24.     Mansour Bighamian ("Plaintiff") was an Associate employed by Defendant in the State of California during the statutory period covered by this Complaint, who Defendant failed to compensate for all hours worked, including premium compensation at one and one half times his regular rate for all hours above and beyond forty hours for a work week.

25.     Defendant KPMG is an international accounting firm offering full-service audit, tax, consulting and financial advisory services with offices located throughout the world.  At all relevant times during the statutory period covered by this Complaint, Defendant has transacted business within the State of California.

**CLASS ACTION ALLEGATIONS**

26.     Plaintiff brings this action as a class action for claims under the CA Labor Laws pursuant to the Federal Rules of Civil Procedure 23 (the " Class"): All persons within the State of California who: (i) are/were employed as Associates with the Company; (ii) are/were not paid   premium overtime compensation at a rate not less than one and one-half times their regular rate for hours worked beyond the forty (40) hour work week, and/or eight (8) hours in a workday; and (iii) were not provided with all required meal and rest breaks (the "Class").

27.     In addition to the common issues of fact described below, members of the Class have numerous common issues of fact, including whether Defendant: (i) failed to compensate adequately the members of the Class for overtime hours worked as required by California Wage Order 4-2001, 8 C.C.R. § 11040 and California Labor Code Section 510; (ii) failed to provide all required meal and rest breaks in violation of Labor Code Section 226.7; (iii) committed an act of unfair competition under Business & Professional Code Section 17200 et seq., by not

1  paying the required overtime pay and providing for all meal and rest breaks as

2  required by applicable CA Labor Laws; (iv) failed to maintain and provide

3  members of the Class with accurate and detailed records of hours worked and

4  wages earned, pursuant to CA Labor Code § 226(a); and (v) damaged members of

5  the Class, and if so, the extent of the damages.

6    28.    The members of the Class are so numerous that joinder of all

7  members is impracticable.  The exact number of the members of the Class can be

8  determined by reviewing Defendant's records.

9    29.    Plaintiff will fairly and adequately protect the interests of the Class

10  and have retained counsel that is experienced and competent in class action and

11  employment litigation.  Plaintiff has no interests that are contrary to, or in conflict

12  with, members of the Class.

13    30.    A class action suit, such as the instant one, is superior to other

14  available means for the fair and efficient adjudication of this lawsuit.  The damages

15  suffered by individual members of the Class may be relatively small when

16  compared to the expense and burden of litigation, making it virtually impossible

17  for members of the Class to individually seek redress for the wrongs done to them.

18    31.    A class action is, therefore, superior to other available methods for the

19  fair and efficient adjudication of the controversy.  Absent these actions, the

20  members of the Class likely will not obtain redress of their injuries and Defendant

21  will retain the proceeds of their violations of the CA Labor Laws.

22    32.    Furthermore, even if any member of the Class could afford individual

23  litigation against the Company, it would be unduly burdensome to the judicial

24  system.  Concentrating this litigation in one forum will promote judicial economy

25  and parity among the claims of individual members of the Class and provide for

26  judicial consistency.

27

28

CLASS ACTION COMPLAINT

LIM, RUGER & KIM, LLP

1    33.    There is a well-defined community of interest in the questions of law
2    and fact affecting the Class as a whole.  The questions of law and fact common to
3    the Class predominate over any questions affecting solely individual members of
4    the action.  Among the common questions of law and fact are:

5         a.    Whether the Defendant employed the members of the Class
6    within the meaning of the CA Labor Laws;

7         b.    Whether Defendant failed to pay Plaintiff and the members of
8    the Class all premium overtime compensation due to them;

9         c.    Whether Defendant failed to provide Plaintiff and the members
10    of the Class all mandatory meal and rest breaks;

11         d.    Whether Defendant violated any other statutory provisions
12    regarding compensation due to Plaintiff and the members of the Class; and

13         e.    Whether Plaintiff and the members of the Class have sustained
14    damages, and if so, what is the proper measure of damages.

15    34.    Plaintiff knows of no difficulty that will be encountered in the
16    management of this litigation that would preclude its continued maintenance.

17

18                              **COUNT ONE**

19    35.    Plaintiff incorporates the allegations contained in the previous
20    paragraphs of this Complaint as if fully set forth herein.

21    36.    Pursuant to Defendant's employment policies Plaintiff and the
22    members of the Class were not credited for all hours worked.

23    37.    Plaintiff and the members of the Class worked hours in excess of forty
24    per week and/or eight hours per day for which they did not receive premium
25    compensation.

26    38.    California Wage Order 4-2001, 8 C.C.R. Section 11040 and Labor
27    Code Section 510(a) state that an employee must be paid overtime, equal to one
28

LIM, RUGER & KIM, LLP

---
8
CLASS ACTION COMPLAINT

1  and one-half times the employee's regular rate of pay, for all hours worked in

2  excess of forty per week, and/or eight per day, unless the employee falls under one

3  of the enumerated exemptions.

4      39.    California Labor Code Section 510(a) further states that any work in

5  excess of twelve (12) in one day shall be compensated at a rate of no less than

6  twice the employee's regular rate of pay.

7      40.    Pursuant to California Labor Code Section 1194, Plaintiff and

8  members of the Class are entitled to recover their overtime wages, plus interest,

9  attorney's fees, and costs, in amounts to be proven at trial.

10

11                          **COUNT TWO**

12      41.    Plaintiff incorporates the allegations contained in the previous

13  paragraphs of this Complaint as if fully set forth herein.

14      42.    Labor Code Section 512(a) requires employers to provide employees

15  with a meal period of at least thirty (30) minutes per five (5) hours worked.

16      43.    Defendant failed to provide Plaintiff and members of the Class with

17  all meal breaks required by Labor Code § 512(a).  As a result, pursuant to Labor

18  Code section 226.7, Plaintiff and members of the Class are entitled to one

19  additional hour's pay for each day a meal break was not provided, in an amount to

20  be proved at trial.

21

22                          **COUNT THREE**

23      44.    Plaintiff incorporates the allegations contained in the previous

24  paragraphs of this Complaint as if fully set forth herein.

25      45.    Industrial Welfare Commission Wage Order 4, section 12 requires

26  employers to provide employees with a paid rest period of at ten (10) minutes per

27  four (4) hours worked.

28

LIM, RUGER & KIM, LLP

---

1      46.    Defendant failed to provide Plaintiff and members of the Class with

2    all rest breaks.

3      47.    As a result, pursuant to Labor Code section 226.7, Plaintiff and

4    members of the Class are entitled to one additional hour's pay for each day a rest

5    break was not provided, in an amount to be proved at trial.

6

7                                    **COUNT FOUR**

8      48.    Plaintiff incorporates the allegations contained in the previous

9    paragraphs of this Complaint as if fully set forth herein.

10     49.    Defendant willfully and intentionally failed to pay Plaintiff and the

11   other members of the Class B all the wages they were due by the deadlines

12   imposed under Labor Code Sections 201 and 202 upon cessation of the class

13   members' employment with Defendant. Plaintiff and the other members of the

14   Class B did not secret or absent themselves from Defendant nor refuse to accept

15   the earned and unpaid wages from Defendant. Accordingly, Plaintiff and members

16   of the Class B are entitled to waiting time penalties of up to thirty (30) days' pay,

17   in an amount to be proven at trial.

18

19                                    **COUNT FIVE**

20     50.    Plaintiff incorporates the allegations contained in the previous

21   paragraphs of this Complaint as if fully set forth herein.

22     51.    Due to Defendant's employment policies whereby Plaintiff and the

23   members of the Class were not credited for all hours worked, Defendant failed to

24   provide Plaintiff and members of the Class with accurate and detailed records of

25   hours worked and wages earned required by Labor Code Section 226(a).

26     52.    Therefore, Plaintiff, on behalf of the Class, requests all such relief that

27   this Court deems appropriate pursuant to the CA Labor Laws.

28

LIM, RUGER & KIM, LLP

---

CLASS ACTION COMPLAINT

**COUNT SIX**

53.    Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

54.    As alleged herein, Defendant has committed an act of unfair competition under Bus. & Prof. Code Section 17200 et seq. by, inter alia: (i) failing to pay premium compensation for all overtime hours worked; (ii) failing to provide all required meal and rest breaks to Plaintiff and the members of the Class; and (iii) failing to pay all wages to the members of Class B.

55.    Pursuant to Bus. & Prof. Code Section 17203, Plaintiff requests Defendant make restitution of all unpaid wages due to the Class, in an amount to be proven at trial.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for:

A.    A Declaration that Defendant has violated the applicable California employment laws;

B.    An Order designating this Action as a California state class action;

C.    An Order appointing Plaintiff and their counsel to represent the Class;

D.    Imposition of a Constructive Trust on any amount by which Defendant was unjustly enriched at the expense of the Class as the result of the actions described above;

E.    An Order enjoining Defendant from any further violations of the California Labor Laws;

F.    For compensatory and punitive damages and all other statutory remedies permitted;

G.    Prejudgment interest;

LIM, RUGER & KIM, LLP

---

11
CLASS ACTION COMPLAINT

1      H.    An Order awarding attorneys' fees and costs; and

2      I.    For all other relief as the Court deems just.

3

4  Dated: October 16, 2007          Christopher Kim

5                                  Bryan King Sheldon

6                                  George Busu

**LIM, RUGER & KIM, LLP**

7

8                           By:

9                                  Bryan King Sheldon

10                                  Joseph H. Meltzer

11                                  Gerald D. Wells, III

12                                  Robert J. Gray

13                                  Robert W. Biela

**SCHIFFRIN BARROWAY**

14                         **TOPAZ & KESSLER, LLP**

15                                  280 King of Prussia Road

16                                  Radnor, PA 19087

Telephone: (610) 667-7706

Facsimile: (610) 667-7056

17                                  Counsel for Plaintiff

18

19

20

21

22

23

24

25

26

27

28

LIM, RUGER & KIM, LLP

CLASS ACTION COMPLAINT

1

## JURY DEMAND

2

3     Plaintiff hereby requests a jury trial on all issues so triable.

4

5  Dated: October 16 , 2007              Christopher Kim

6                                        Bryan King Sheldon
                                         George Busu
7                                        LIM, RUGER & KIM, LLP

8

9         By:

10                                       Bryan King Sheldon

11                                       SCHIFFRIN BARROWAY

12                                        TOPAZ & KESSLER, LLP
                                         Joseph H. Meltzer
13                                       Gerald D. Wells, III
                                         Robert J. Gray
14                                       Robert W. Biela
                                         280 King of Prussia Road
15                                       Radnor, PA 19087
                                         Telephone: (610) 667-7706
16                                       Facsimile: (610) 667-7056
17
                                         Counsel for Plaintiff
18

19

20

21

22

23

24

25

26

27

28    42567.doc

---

13
CLASS ACTION COMPLAINT

# Exhibit C

①

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| Mansour Bighamian | CASE NUMBER: |
|---|---|
| Plaintiff(s), | CV 07-06699 RGK (FMOx) |
| v. | |
| KPMG LLP et al | **ORDER RE TRANSFER PURSUANT** |
| | **TO GENERAL ORDER 07-02** |
| Defendant(s). | **( Related Cases)** |

## CONSENT

I hereby consent to the transfer of the above-entitled case to my calendar, pursuant to General Order 07-02.

_Nov 5, 2007_             Ronald S. W. Lew

_Date_                  _United States District Judge_

## DECLINATION

I hereby decline to transfer the above-entitled case to my calendar for the reasons set forth:

_____

_____

_____

_____          _____

_Date_                    _United States District Judge_

## REASON FOR TRANSFER AS INDICATED BY COUNSEL

Case _____07cv04396 RSWL (CWx)_____ and the present case:

☑ A.   Arise from the same or closely related transactions, happenings or events; or

☑ B.   Call for determination of the same or substantially related or similar questions of law and fact; or

☑ C.   For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D.   Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

## NOTICE TO COUNSEL FROM CLERK

Pursuant to the above transfer, any discovery matters that are or may be referred to a Magistrate Judge are hereby transferred from Magistrate Judge____Olguin____ to Magistrate Judge____Woehrle____.

On all documents subsequently filed in this case, please substitute the initials __RSWL (CWx)__ after the case number in place of the initials of the prior judge, so that the case number will read ____cv07-06699 RSWL (CWx)____. This is very important because documents are routed to the assigned judges by means of these initials. The case file, under seal documents, exhibits, docket, transcripts or depositions may be viewed at the ☑ Western ☐ Southern ☐ Eastern Division.

**Subsequent documents must be filed at the   ☑ Western   ☐ Southern   ☐ Eastern Division.**
**Failure to file at the proper location will result in your documents being returned to you.**

CV-34 (06/07)          ORDER RE TRANSFER PURSUANT TO GENERAL ORDER 07-02 ( Related Cases)

# Exhibit D

**MILSTEIN, ADELMAN & KREGER, LLP**
WAYNE S. KREGER, State Bar No. 154759
WILLIAM A. BAIRD, State Bar No. 192675
2800 Donald Douglas Loop North
Santa Monica, California 90405
Telephone:     (310) 396-9600
Facsimile:      (310) 396-9635

**LAW OFFICE OF STEVEN ELSTER**
STEVEN ELSTER, State Bar No. 227545
785/E2 Oak Grove Road, #201
Concord, CA 94518-3617
Telephone:     (925) 324-2159
Facsimile:      (925) 945-1276

Attorneys for Plaintiffs,
**Michelle Garcia & Gina Johnson**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| MICHELLE GARCIA, an individual; GINA JOHNSON, an individual; and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>vs.<br><br>KPMG LLP, a limited liability partnership; KPMG, INC., a corporation; KPMG, a business entity form unknown; and DOES 1-100, inclusive,<br><br>        Defendants. | **CASE NO.: RG07362698**<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT:**<br><br>**1.  FAILURE TO PAY OVERTIME COMPENSATION**<br><br>**2.  FAILURE TO PROPERLY COMPENSATE FOR MEAL BREAKS**<br><br>**3.  FAILURE TO FURNISH PROPER PAYCHECK STUBS**<br><br>**4.  FAILURE TO PAY ALL WAGES AT END OF EMPLOYMENT**<br><br>**5.  VIOLATIONS OF BUSINESS AND PROFESSIONS CODE § 17200**<br><br>**JURY TRIAL DEMANDED** |

1

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CLASS ACTION COMPLAINT

Representative Plaintiffs MICHELLE GARCIA and GINA JOHNSON ("Plaintiffs"), on behalf of themselves, on behalf of the general Public, and on behalf of all others similarly situated, bring this case to challenge Defendants' lucrative, repressive and unlawful business practices and hereby demand a trial by jury and allege as follows:

1.     This is a class action brought against DEFENDANT KPMG LLP, a limited liability partnership; DEFENDANT KPMG, INC., a corporation; DEFENDANT KPMG, a business entity form unknown; and DOES 1-100 (collectively referred to as "Defendants") on behalf of a collective class of all salaried persons employed by Defendants in California to do accounting work but who were not licensed or certified by the State of California in the practice of accounting and were not paid overtime for hours worked in excess of 8 in a day or 40 in a week (collectively referred to as "Uncertified Employees") from December of 2003 to the present.

2.     This action alleges that Defendants: (1) failed to pay overtime for all hours worked by Uncertified Employees as required by the California Labor Code; (2) failed to properly compensate Uncertified Employees for missed meal breaks; (3) failed to furnish proper paycheck stubs when paying Uncertified Employees; (4) failed to pay all wages owed to Uncertified Employees at the end of their employment; and (5) violated California's Unfair Business Practices Act, California Business & Professions Code sections 17200, *et seq.*.

## JURISDICTION AND VENUE

3.     This class action suit is founded upon California state law including, but not limited to, violations of the California Labor Code, the California Code of Regulations (Industrial Welfare Commission's Wage Orders) and the California Business & Professions Code, which are subject to the jurisdiction of this court.

4.     Venue is proper in that Defendants are a limited liability partnership, a corporation, and business entity form unknown that are authorized to conduct and do conduct significant amounts of business in Alameda County as well as throughout the State of California. In particular, Defendants maintain an office in Oakland, California and have employed class members at this office.

2

FIRST AMENDED CLASS ACTION COMPLAINT

1    .

2                                    **PARTIES**

3         5.      Plaintiffs MICHELLE GARCIA and GINA JOHNSON are California residents who

4    worked for Defendants during the class period.

5         6.      Plaintiffs bring this action on behalf of themselves, on behalf of all others similarly

6    situated and pursuant to California Business & Professions Code sections 17200, *et seq.*

7         7.      At all times herein relevant, the Plaintiffs were and now are persons within the Class

8    of persons further described and defined herein.

9         8.      At all times herein, Defendant KPMG LLP, a limited liability partnership, Defendant

10   KPMG, INC., a corporation; and Defendant KPMG, a business entity form unknown; were and are

11   business entities that conduct significant amounts of business within the county of Alameda  and

12   were and are primarily involved in the business of selling public accounting services.

13        9.      Plaintiffs are informed and believe and based thereon allege that the true names and

14   capacities, whether individual, corporate, associate, or otherwise, of Does 1-100, inclusive ("Does"),

15   are unknown to Plaintiffs, who therefore sue said Does by such fictitious names.  Plaintiffs will seek

16   leave of court to amend this Complaint to show the true names and capacities when the same have

17   been ascertained.

18        10.     Plaintiffs are informed and believe and based thereon allege that at all times herein

19   mentioned Defendants were and are corporations, business entities, individuals, and partnerships,

20   licensed to do business and actually doing business in the State of California.  As such, and based

21   upon all the facts and circumstances incident to Defendants' business in California, Defendants are

22   subject to the California Labor Code; the applicable Wage Orders issued by the Industrial Welfare

23   Commission; and California Business and Professions Code section 17200, *et seq.*

24        11.     Plaintiffs are informed and believe and based thereon allege that each of the Doe

25   Defendants is responsible in some  manner for the conduct alleged herein and for the injuries

26   suffered by Plaintiffs and the members of the Class.

27        12.     Plaintiffs are informed and believe and based thereon allege that Does were the

28   agents, servants and/or employees of the other Defendants and in doing the things hereinafter

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

3

1    alleged, and at all times, were acting within the scope of their authority as such agents, servants and

2    employees, and with the permission and consent of the other Defendants.

3         13.    At all times herein mentioned, Defendants  and each of them, were members of, and

4    engaged in, a joint venture, partnership and common enterprise, and acting within the course and

5    scope of, and in pursuance of, said joint venture, partnership and common enterprise.

6         14.    At all times herein mentioned, the acts and omissions of various Defendants, and

7    each of them, concurred and contributed to the various acts and omissions of each and all of the

8    other Defendants in proximately causing the injuries and damages herein alleged.

9         15.    At all times herein mentioned, Defendants, and each of them, ratified each and every

10   act or omission complained of herein.  At all times herein mentioned, Defendants, and each of them,

11   aided, abetted, and consented to the acts and omissions of each and all of the other Defendants in

12   proximately causing the injuries and damages herein alleged.

13                          **ADDITIONAL FACTS**

14        16.    During the class period, Defendants regularly employed salaried workers to do

15   accounting work but these workers were not licensed or certified by the State of California in the

16   practice of accounting; in other words, Defendants' Uncertified Employees were not Certified

17   Public Accountants.

18        17.    Defendants uniformly classified all Uncertified Employees as exempt from overtime

19   under the California Labor Code and the Industrial Welfare Commission's Wage Orders.

20        18.    During their employment by Defendants, Plaintiffs worked more than eight hours in

21   a day and/or 40 hours in a week but in keeping with uniform company policy with respect to all

22   salaried Uncertified Employees, Defendants did not pay Plaintiffs overtime compensation for those

23   hours.  In addition, Plaintiffs were frequently unable to take proper meal breaks as required by

24   California law.

25        19.    Although classified as exempt, Plaintiffs and the class members should have been

26   paid overtime for all qualifying hours but Defendants uniformly failed to pay such overtime.

27

28

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

4

**CLASS ALLEGATIONS**

20.     This action may properly be maintained as a class action pursuant to section 382 of the California Code of Civil Procedure. All claims alleged herein arise under California law for which Plaintiffs seek relief authorized under California law. This Class is comprised of, and defined as:

> All persons employed by Defendants in the State of California as salaried exempt employees doing accounting work at any time within four years of filing this complaint to the present but who were not licensed or certified by the State of California in the practice of accounting and were not paid overtime for hours worked in excess of 8 hours in a day or 40 hours in a week (at times referred to as the "Class").

21.     The proposed Class is ascertainable in that its members can be identified using information contained in Defendants' payroll and personnel records.

22.     The members of the Class are sufficiently numerous such that joinder of all members would be impracticable. Further, the disposition of the claims of the Class in a class action will provide substantial benefits to both the parties and the Court.

23.     The California Labor Code and Wage Order provisions upon which Plaintiffs base their claims are broadly remedial in nature. These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions on employment.

24.     The nature of this action and the format of laws available to Plaintiffs and the Class make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein. Further, this case involves large corporate Defendants and a large number of individual employees with many relatively small claims. If each employee were required to file an individual lawsuit, the corporate Defendants would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior legal and financial resources.

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

1    25.    Requiring each member of the Class to pursue an individual remedy would also

2    discourage the assertion of lawful claims by employees who would be disinclined to file an action

3    against their former and/or current employer.

4    26.    Moreover, the prosecution of separate actions by the individual Class members

5    would create a substantial risk of inconsistent or varying adjudications with respect to individual

6    Class members against Defendants.

7    27.    There is a well-defined community of interest in the questions of law and fact

8    involved affecting the parties to be represented. The questions of law and fact common to the Class

9    predominate over questions which may affect individual plaintiff Class members. These questions

10    of law and fact include, but are not limited to, the following:

11        (a)    Whether each Class member was licensed or certified by the State of

12    California in the practice of accounting;

13        (b)    Whether Defendants classified each Class member as exempt;

14        (c)    Whether Defendants were required by law to pay the Class overtime for all

15    hours worked in excess of eight hours a day and forty hours per week;

16        (d)    Whether Defendants implemented and engaged in a systematic practice

17    whereby they improperly failed to pay for all overtime hours worked by the Class;

18        (e)    Whether Defendants denied members of the Class wages in order to increase

19    profits and lower costs;

20        (f)    Whether Defendants failed to keep, maintain and/or furnish accurate records

21    of the actual hours worked by the Class;

22        (g)    Whether the Class received appropriate meal breaks in compliance with

23    California law;

24        (h)    Whether Plaintiffs and Class members no longer working for Defendants are

25    entitled to "waiting time" penalties;

26        (i)    Whether Defendants' conduct constituted an illegal, unfair, or deceptive

27    business practice;

28

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

6

1        (j)     Whether Defendants' systematic acts and practices violated, *inter alia*,

2  California Labor Code sections 201, 202, 203, 226, 226.7, 510, 512, 1174, and 1194, the applicable

3  Wage Orders of the Industrial Welfare Commission, and Business & Professions Code sections

4  17200 *et seq.*;

5        (k)     Whether Plaintiffs and the Class are entitled to compensatory damages under

6  the Labor Code; and

7        (l)     Whether Class members are entitled to injunctive relief.

8      28.    Proof of a common business practice or factual pattern which Plaintiffs experienced

9  is representative of that experienced by the Class and will establish the right of each of the Class

10  members to recover on the causes of action alleged.

11      29.    Such a pattern, practice and uniform administration of illegal corporate policies with

12  respect to employee compensation, as described herein, creates an entitlement in common for

13  Plaintiffs and the Class to recover in a civil action for the unpaid balance of the full amount of the

14  overtime compensation owing, including interest thereon, waiting time penalties, reasonable

15  attorney's fees and costs of suit according to the mandate of California Labor Code section 1194, *et*

16  *seq.*

17      30.    Furthermore, Plaintiffs and the Class are entitled in common to restitution and

18  disgorgement of funds withheld improperly by Defendants.  Accordingly, Plaintiffs, on behalf of the

19  Class, will seek the creation of a common fund made up of the aforementioned damages.

20      31.    Plaintiffs assert claims that are typical of the claims of the Class because they were

21  employed by Defendants as salaried exempt employees to do accounting work but were not licensed

22  or certified by the State of California in the practice of accounting and were not paid overtime for

23  hours worked in excess of 8 hours in a day or 40 hours in a week and were therefore subjected to the

24  same uniform policies and procedures as the Class and similarly injured due to Defendants' actions.

25      32.    Plaintiffs will fairly and adequately represent and protect the interests of the Class in

26  that they have no disabling conflicts of interest that would be antagonistic to other members of the

27  Class.  Moreover, Plaintiffs seek relief that is not antagonistic or adverse to the members of the

28  Class in that the infringement of Plaintiffs' rights and the damages Plaintiffs have suffered are

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

7

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

1  typical of all other members of the Class.  Additionally, Plaintiffs have retained counsel that is

2  competent and experienced in class action litigation.

3      33.    Plaintiffs and the Class have all similarly suffered irreparable harm and damages as a

4  result of Defendants' unlawful and wrongful conduct.  This action will provide substantial benefits

5  to both the Class and the public since, absent this action, Defendants' unlawful conduct will

6  continue unremedied and uncorrected.

7      34.    Defendants have acted or refused to act in respects generally applicable to the Class,

8  thereby making appropriate final and injunctive relief or corresponding declaratory relief with

9  regard to members of the Class as a whole, as requested herein.  Likewise, Defendants' conduct as

10 described above and below is unlawful, continuing and capable of repetition and will continue

11 unless restrained and enjoined by the Court.

12                      **FIRST CAUSE OF ACTION**

13 **(Failure to Pay Overtime Wages in Violation of the California Labor Code and Applicable**

14 **Wage Orders of the California Industrial Welfare Commission Against All Defendants and**

15                          **Does 1-100)**

16     35.    The preceding paragraphs of this Complaint are realleged and incorporated by

17 reference.

18     36.    Pursuant to California Labor Code section 1194, Plaintiffs may bring a civil action

19 for overtime wages directly against the employer without first filing a claim with the Division of

20 Labor Standards Enforcement.  Further, such private actions have the support and approval of the

21 Division of Labor Standards Enforcement.

22     37.    During all relevant time periods, California Labor Code section 510 applied to the

23 Plaintiffs and the Class and provided that any work performed by a non-exempt employee in excess

24 of eight hours in a day or in excess of 40 hours in a week, must be compensated at one and one-half

25 times the employee's regular rate of pay.  Defendants and each of them, did not compensate

26 Plaintiffs or the Class for all hours worked in excess of eight hours in a day or in excess of 40 hours

27 in a week at one and one-half times their regular rate of pay.

28

FIRST AMENDED CLASS ACTION COMPLAINT

38.    During their employment by Defendants, Plaintiffs and members of the Class were required to work more than eight hours a day and/or forty hours per week without receiving overtime pay.

39.    However, Plaintiffs and the Class were not exempt and should have received overtime wages in a sum according to proof for the hours they worked pursuant to the provisions of California's Labor Code and the applicable Wage Orders issued by the Industrial Welfare Commission of California.

40.    Plaintiffs are informed and believe and thereon allege that Defendants and each of them, knew or should have known that Plaintiffs and members of the Class should have been paid a premium for all overtime hours they worked and purposely and unfairly elected not to pay them for their overtime labor.

41.    Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation, as described herein, is unlawful and Plaintiffs and the Class are entitled to recover in a civil action for the unpaid balance of the full amount of the overtime premiums owing, including interest thereon, as well as penalties, reasonable attorney's fees and costs of suit pursuant to the California Labor Code.  Therefore, Plaintiffs and the Class request such a recovery.

42.    Plaintiffs and the Class also seek injunctive relief to ensure that Class members are properly classified.

43.    Plaintiffs and the Class also request relief as described below.

### SECOND CAUSE OF ACTION

**(Failure to Properly Compensate for Missed Meal Breaks in Violation of the California Labor Code Against All Defendants and Does 1-100)**

44.    The preceding paragraphs of this Complaint are realleged and incorporated by reference.

45.    Labor Code sections 226.7 and 512 require that every employer authorize and permit employees to take an uninterrupted meal period of not less than 30 minutes for a work period of more than five hours.  If an employer fails to provide the meal periods, the employer is required to

9

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

1    pay the employee one additional hour of compensation for each workday that a meal period is not

2    provided.

3         46.    Defendants and each of them, failed to provide Plaintiffs and the Class the meal

4    periods required under California law.

5         47.    Defendants' failures proximately caused Plaintiffs and the Class to be deprived of

6    wages and therefore entitles Plaintiffs and the Class to one hour of additional pay for each improper

7    meal break.

8         48.    Plaintiffs and the Class also request relief as described below.

9    <div align="center">**THIRD CAUSE OF ACTION**</div>

10   <div align="center">**(Failure to Furnish Accurate Itemized Wage Statements in Violation of the California Labor**</div>

11   <div align="center">**Code Against All Defendants and Does 1-100)**</div>

12        49.    The preceding paragraphs of this Complaint are realleged and incorporated by

13   reference.

14        50.    California Labor Codes sections 226 subsection (a) and 1174 require employers to

15   maintain and furnish each employee with an itemized statement showing the total hours worked by

16   the employee on a semi-monthly basis or with each paycheck.

17        51.    California Labor Code section 226(e) provides that if an employer knowingly and

18   intentionally failed to comply with this section then the employee is entitled to recover the greater of

19   actual damages or $50 dollars for the initial violation and $100 dollars for each subsequent

20   violation, up to $4,000, plus costs and reasonable attorney's fees.

21        52.    Defendants knowingly and intentionally failed to furnish and maintain for Plaintiffs

22   and the Class the records required under California law.  As a result, Plaintiffs and the Class are

23   entitled to the amounts provided in Labor Code  section 226(e).

24        53.    Plaintiffs and the Class also request relief as described below.

25

26

27

28

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

<div align="center">10</div>

1

## FOURTH CAUSE OF ACTION

2     **(Failure to Timely Compensate for All Wages Due at End of Employment in Violation of the**

3     **California Labor Code Against All Defendants and Does 1-100)**

4          54.    The preceding paragraphs of this Complaint are realleged and incorporated by

5     reference.

6          55.    Labor Code section 201 required Defendants and each of them, to pay their

7     employees that were discharged all wages due immediately upon discharge.  Labor Code section 202

8     required Defendants and each of them, to pay their employees that resigned all wages due within 72

9     hours of the resignation.  Defendants and each of them, in violation of these sections, willfully failed

10    to pay Plaintiffs and the Class all wages due and owing within the timeframes required by these

11    statutes.

12         56.    Plaintiffs and all other Class members did not secrete or absent themselves from

13    Defendants nor refuse to accept the earned and unpaid wages from Defendants.  Defendants' illegal

14    actions proximately caused damages to Plaintiffs and the Class.

15         57.    Accordingly, Defendants and each of them, are liable for waiting time penalties to

16    Plaintiffs and the Class pursuant to Labor Code section 203 in an amount according to proof.

17         58.    Plaintiffs and the Class also request relief as described below

18    ## FIFTH CAUSE OF ACTION

19    **(Violation of Business & Professions Code Sections 17200, *et seq.*, Unfair Business Practices**

20    **Against All Defendants and Does 1-100)**

21         59.    The preceding paragraphs of this Complaint are realleged and incorporated by

22    reference.

23         60.    Business and Professions Code § 17200 *et seq.*, prohibits acts of unfair competition

24    which shall mean and include any "unlawful, unfair, or fraudulent business act or practice."

25    Plaintiffs and the Class allege that at all relevant times Defendants and each of them, have engaged

26    in unfair business practices in California by utilizing the illegal employment practices outlined

27    above, including causing Plaintiffs and the Class to perform services without receiving proper

28

*Milstein, Adelman & Kreger, LLP*
*2800 Donald Douglas Loop North*
*Santa Monica, CA 90405*

11

FIRST AMENDED CLASS ACTION COMPLAINT

1     compensation as required by the California Labor Code and the applicable Wage Orders of the

2     Industrial Welfare Commission.

3           61.      Defendants' practices are illegal and violate Labor Code sections 201, 202, 203, 226,

4     226.7, 510, 512, 1174, and 1194, and the applicable Wage Orders of the Industrial Welfare

5     Commission. Furthermore, Defendants' policies and procedures constitute unfair business

6     practices, unfair competition, and provide an unfair advantage over Defendants' competitors.

7           62.      Defendants' actions entitle Plaintiffs and the Class to seek the remedies available

8     pursuant to section 17200.

9           63.      Additionally, under California law, wages unlawfully withheld from an employee

10     constitute an unfair business act as defined by section 17200 entitling Plaintiffs and the Class to a

11     restitution remedy authorized by section 17203.

12           64.      Plaintiffs and the Class seek full restitution and disgorgement of said monies from

13     Defendants, as necessary and according to proof, to restore any and all monies, including interest,

14     withheld, acquired or converted by Defendants by means of the unfair practices complained of

15     herein. Plaintiffs and the Class further seek the appointment of a receiver as necessary. Plaintiffs

16     and the Class also seek an injunction and declaratory relief to remedy and prevent Defendants'

17     improper practices.

18                          **PRAYER FOR RELIEF**

19     WHEREFORE, Plaintiffs pray for judgment and relief as follows:

20           1.      An Order certifying that the action may be maintained as a class action under

21     California Civil Code section 382;

22           2.      For an injunction against Defendants' continued application of policies that violate

23     California law;

24           3.      Compensatory and statutory damages including interest thereon, and restitution, as

25     appropriate and available under each cause of action, in an amount to be proven at trial;

26           3.      For pre-judgment and post-judgment interest as allowed by California Labor Code

27     sections 218.6 and 1194(a) and California Civil Code section 3287;

28

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

1    4.    For reasonable attorney's fees, expenses and costs as provided by California Labor

2  Code section 1194;

3    5.    For penalties as appropriate and available under each cause of action, pursuant to the

4  applicable Labor Code sections;

5    6.    For restitution to Plaintiffs and the Class (and disgorgement from Defendants) of all

6  funds unlawfully acquired by Defendants by means of any acts or practices declared by this Court to

7  violate California Business & Professions Code section 17200 *et seq.*;

8    7.    For exemplary and punitive damages as appropriate and available under each cause of

9  action, pursuant to California Civil Code section 3294; and

10    8.    Such other and further relief as the Court deems proper.

11

12  DATE:  January 9, 2008                 **MILSTEIN, ADELMAN & KREGER, LLP**

13

14                                            By: WILLIAM A. BAIRD

15                                            Attorney for Plaintiffs, MICHELLE GARCIA and
                                              GINA JOHNSON, on Behalf of Themselves, All
16                                            Others Similarly Situated, and On Behalf of the
                                              General Public.
17

18

19

20

21

22

23

24

25

26

27

28

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

13

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury of all claims and causes of action existing in this lawsuit.

DATE: January 9, 2008

MILSTEIN, ADELMAN & KREGER, LLP

By: WILLIAM A. BAIRD
Attorneys for Plaintiffs, MICHELLE GARCIA and
GINA JOHNSON, on Behalf of Themselves, All
Others Similarly Situated, and On Behalf of the
General Public.

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

14

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ALAMEDA

I am employed in the County of LOS ANGELES, State of CALIFORNIA. I am over the age of 18 and not a party to within action; my business address is **2800 Donald Douglas Loop North, Santa Monica, California 90405.**

On January 10, 2008, I served the foregoing document described as:

**SUMMONS AND FIRST AMENDED CLASS ACTION COMPLAINT**

on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

> Jesse Cripps Jr., Esq.
> **Gibson, Dunn &Crutcher LLP**
> 333 South Grand Avenue
> Los Angeles, CA 90071-3197
>
> T: (213) 229-7792
> F: (213) 229-6792

xxxx   (BY OVERNIGHT EXPRESS) I caused such envelope with postage thereon fully prepaid to be placed in the Overnight Express box at Santa Monica, California.

Executed on January 10, 2008 at **Santa Monica, California.**

------   (BY EMAIL) I caused such documents to be successfully transmitted via email to the offices of the addresses.

------   (BY PERSONAL SERVICE) I caused such envelope to be hand delivered to the offices of the addressees.

xxxx   (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

------   (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Sinny Thai

1